## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

JUDGE KATHLEEN CARDONE

| | |
|---|---|
| JOHN MAYTON,<br>   Plaintiff,<br><br>vs.<br><br>CEASAR CASAS, in his individual<br>capacity;<br>LUIS AGUILAR, in his individual<br>capacity; and<br>THE COUNTY OF EL PASO,<br>   Defendants. | CASE NO. _____<br><br>PLAINTIFF'S ORIGINAL COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>EP19CV0155 |

## COMPLAINT FOR THE RECOVERY OF DAMAGES CAUSED BY THE DEPRIVATION OF CIVIL RIGHTS

Now comes the plaintiff, John Mayton, for his Complaint against the defendants Ceasar Casas, Luis Aguilar, and the County of El Paso, Texas. This is an action for assault and false imprisonment under the Fourth Amendment as made applicable to the states pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution. This is also an action pursuant to 42 U.S.C. § 1983 for excessive force as a result of the actions of government officials who were and are employed by the defendant El Paso County, Texas.

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 as this action is predicated on the violation of the federal constitutional rights of the plaintiff, including illegal seizure and detention under the Fourth Amendment as well as excessive force under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over certain state claims under 28 U.S.C. § 1367 because the acts alleged herein arise out of the same transaction or occurrence and/or series of transactions or

1

occurrences. Venue is appropriate pursuant to 28 U.S.C. § 1391 since the allegations give rise to the cause of action in El Paso County, Texas.

## II.   PARTIES AND SERVICE OF PROCESS INFORMATION

2.      Plaintiff John Mayton is a 66-year-old individual retiree who has at all relevant times resided in El Paso County, Texas.   He has no significant criminal history.

3.      Defendant Ceasar Casas is an individual who resides in El Paso County, Texas.

4.      Defendant Luis Aguilar is an individual who resides in El Paso County, Texas.

5.      Defendant, the County of El Paso, is a county located in Texas and is recognized as a legal subdivision of the State. Tex. Const. Art. 11 § 1.   Process may be served on the County of El Paso by serving  Ricardo A. Samaniego, County Judge, at 500 E. San Antonio, Suite 301, El Paso, TX  79901; and by serving Jo Anne Bernal, at 500 E. San Antonio, Suite 503, El Paso, TX 79901

6.      Defendant Ceasar Casas is sued in his individual capacity and may be served at 2350 George Dieter, Suite A, EL Paso, TX   79936.

7.      Defendant Luis Aguilar is sued in his individual capacity and may be served at 2350 George Dieter, Suite A, EL Paso, TX   79936.

8.      At all times pertinent, defendant Ceasar Casas and Luis Aguilar were acting in the course and scope of their employment and under color of state law.

9.      Plaintiff notified the County of El Paso and the El Paso County Sheriff's Department of the violations alleged herein against plaintiff, pursuant to state law.

## III.   FACTS COMMON TO ALL COUNTS

10.     On May 28, 2019, plaintiff appeared before the justice of the peace in response to a civil complaint seeking a writ of possession removing the plaintiff from his apartment.   Present at

that hearing were Rebecca Bustamonte (JP – Precinct 4), Luis Aguilar (Constable – Precinct 4),

the apartment manager for plaintiff's apartment complex, and attorney Aldo Lopez [hereinafter,

"Aldo"].[1]

11.    When the case was called, the parties identified themselves and Aldo started to present

the apartment manager's case.  The plaintiff immediately informed the JP that the plaintiff had

timely filed a written request for a jury trial.   The plaintiff also requested that a court reporter be

present to make a record of the proceedings.    Specifically, the plaintiff informed JP

Bustamonte that the plaintiff had timely filed in her court a written request for a jury trial four

days prior to the May 28, 2019  hearing (See Exhibit A attached),  but that she (JP Bustamonte)

had failed to document that filing on the court's docket sheet (See Exhibit B attached).    In

response, JP Bustamonte told the plaintiff that she didn't have time to consider the jury trial

request and denied plaintiff's request for a court reporter.   She also told the plaintiff to sit down.

12.    At that point, Aldo attempted to manipulate JP Bustamonte by discrediting the plaintiff

by rambling on about extraneous matters that had nothing to do with the issues pertinent to his

client's complaint seeking eviction.  The plaintiff objected and was immediately silenced by the

court.  The constable then  placed his body directly in front of the plaintiff purposely obstructing

the plaintiff's view of the court.  The plaintiff told the constable to get out of the way.

13.    JP Bustamonte then peremptorily granted Aldo everything he wanted and adjourned the

hearing  -  Plaintiff never had a chance to present any defense, either before a jury or before this

JP.

---

[1] Although Aldo Lopez verbally claimed at the hearing that he represented the apartment
complex, he has never entered an appearance or filed any papers in that case.

14.     Plaintiff then exited the courtroom and was stopped outside by Constable Aguilar.   It was only then that Deputy Constable Casas approached and took plaintiff into custody.

15.     Without any provocation whatsoever, Casas slammed the plaintiff's head into the window causing multiple contusions, swelling and abrasions.   (See Exhibit C attached)

16.     While the handcuffed plaintiff was being booked by Casas in the constable's office, plaintiff was overcome with anxiety and, in a hyper-ventilated state, informed Casas that he (plaintiff) had chest pains and that plaintiff had a history of heart problems and a recent stroke. The response of Casas was to mock the plaintiff saying plaintiff was "faking and playing games."  Eventually, an ambulance was called and plaintiff was transported to the hospital.

17.     At the hospital, the mockery continued and Casas effectively  nullified any legitimate effort by medical personnel to objectively diagnose and treat the plaintiff.   As a result of Casas' interference, the medical personnel wholly failed to indicate anything on the medical records about the plaintiff's facial contusions or the irregularities of plaintiff's heartbeat.

18.     The plaintiff was then transported by Casas to the downtown detention facility where the defendant Casas continued to push and shove the handcuffed and shackled plaintiff, all the while telling the plaintiff and anyone that would listen that plaintiff was "playing games".

19.     Plaintiff was incarcerated for five days before the magistrate judge ordered plaintiff released on his own recognizance.

20.     After being released, plaintiff discovered that Casas had fabricated a false report in his determined attempt to justify an illegal arrest and incarceration.   (See Exhibit D attached)

## IV.     CAUSES OF ACTION

### Count One – Excessive Force

21.     Plaintiff hereby incorporates the previously stated paragraphs as fully set forth herein.

22.     In committing the acts complained of herein, defendants Casas and Aguilar acted under color of law that deprived the plaintiff of certain protected rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution including but no limited to:  a)  the right to be free from unreasonable searches and seizures;  b)  right not to be deprived of liberty without due process of law;  c)  right to be free from the excessive fore from any person acting under color of state law; and  d)  right to be free from false arrest.

23.     Acting under color of law, defendant Casas, at the direction of defendant Aguilar, used excessive and unnecessary force against plaintiff by smashing his head into a glass wall, and causing plaintiff to fear for his life, this all in in violation of plaintiff's constitutional rights.

24.     The intentional, reckless and wanton actions of defendants Casas and Aguilar amount to unjustified and excessive force and were the proximate cause of injuries suffered by plaintiff.

25.     Defendants Casas and Aguilar are individually liable to plaintiff for compensatory and punitive damages as a result of excessive force pursuant to 42 U.S.C. § 1983.

### Count Two – False Arrest and/or Seizure

26.     Plaintiff hereby incorporates the previously stated paragraphs as fully set forth herein.

27.     In committing the acts complained of herein the defendants Casas and Aguilar acted under color of law when Casas, at defendant Aguilar's direction, detained, handcuffed and arrested plaintiff without no basis of law or fact.   In violating plaintiff's right to be free from unlawful seizure and false arrest, defendants Casas and Aguilar violated plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

28.     As a direct and proximate result of the violation of plaintiff's constitutional right to be free from false arrest and/or seizure, plaintiff suffered serious physical and emotional injuries. Defendants Casas and Aguilar are individually liable to plaintiff for compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

## Count Three – First Amendment Claim

29.     Plaintiff hereby incorporates the previously stated paragraphs as fully set forth herein.

30.     Plaintiff had a right to voice objection to the obstructive and intentionally provacative actions of Aldo and the defendant Aguilar, and to object to JP Bustamonte's failure to rectify the situation.

31.     Defendants Aguilar and Casas retaliated against plaintiff's exercise of his First Amendment rights by using excessive force and arresting him.

32.     As a direct and proximate result of defendants' unlawful conduct as set forth above, plaintiff suffered physical injury, pain and suffering, mental distress, fear, and emotional suffering.  Defendants Casas and Aguilar are individually liable to plaintiff for compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

## Count Four – Reckless Infliction of Emotional Distress

33.     Plaintiff hereby incorporates the previously stated paragraphs as fully set forth herein.

34.     Defendants Casas and Aguilar were reckless in their actions against plaintiff during the incident described herein, including smashing the defendant's head into a glass wall, causing plaintiff to fear for his life, and causing the plaintiff severe emotional distress.

35.     The reckless and wanton conduct by defendants Casas and Aguilar was the proximate cause of damages and injuries suffered by plaintiff.

36.    Defendants Casas and Aguilar are individually liable to plaintiff for compensatory and punitive damages as a result of the reckless infliction of emotional distress.

### Count Five – Negligent Supervision and Training of Constable and Deputy Constables in Precinct Four

37.    Plaintiff hereby incorporates the previously stated paragraphs as fully set forth herein.

38.    Defendant, the County of El Paso, is a county located in Texas.    The County, through the Sheriff's Department, is charged with the responsibility for supervising, training, instructing, and disciplining constables and their deputies, including defendants Casas and Aguilar.

39.    The County and the Sheriff's Department has been deliberately indifferent in training, instructing, and supervising its officers in regards to crisis management.

40.    More precisely, the County has failed to follow Texas law regarding training and supervising officers in crisis management, including crisis intervention, confrontation de-escalation practicum, and proper interaction with citizens that they encounter.

41.    The negligent training and supervision of officers led to the civil rights violations and torts against the plaintiff and to the damages suffered by the plaintiff.

### Count Six – Battery and False Imprisonment

42.    Plaintiff hereby incorporates the previously stated paragraphs as fully set forth herein.

43.    Defendants Casas and Aguilar acted as public employees at all relevant times.

44.    Plaintiff has rights guaranteed under Article I, Section 9 of the Texas Constitution to be free of the use of excessive force and to be free from unreasonable seizure.

45.    Defendant Casas, acting at the direction of defendant Aguilar, caused personal, bodily injury to plaintiff when he forcefully slammed plaintiff's body and shoved his face into the glass wall.

7

46.    Defendant Casas arrested plaintiff without probable cause.

47.    Defendant Casas did not have a reasonable basis to believe that he was in imminent danger of harm.

48.    Plaintiff did not use force against defendant Casas or any other police officer or deputy.

49.    Nor had plaintiff committed any crime or otherwise posed a flight risk or danger to the public.

50.    Defendants Casas and Aguilar waived any immunity under Texas law when he caused personal and bodily injury to plaintiff.

51.    The County of El Paso is liable for the conduct of its employees acting in the course and scope of their employment and is not immune to claims from damages associated with these claims, pursuant to the Texas Tort Claims Act.

52.    The conduct of defendants Casas and Aguilar was a direct and proximate cause of plaintiff's injuries.

53.    Plaintiff is entitled to recover from defendants his costs resulting from defendant's violations, including pre and post-judgment interest and any such other and further relief as the court may deem just and proper.

## V.    DAMAGES

54.    Plaintiff incorporates each of the within paragraphs as if fully set forth herein.

55.    As a direct or proximate cause of one or more of the aforementioned violations by defendants of plaintiff's constitutional rights and state law claims, the plaintiff suffered the

following:    serious bodily injury, permanent injury, loss of enjoyment of life, pain and suffering,

medical expenses, and other damages and expenses for which the defendants, and each of them,

are liable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.    Joint and several judgment against defendants for plaintiff's actual damages;

b.    Joint and several judgment against defendants for punitive damages;

c.    Joint and several judgment against defendants for plaintiff's witness fees, court

costs and other litigation costs; and

d.    Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action.

Respectfully Submitted,

John Mayton
3541 Peerless Place, No. 2H
El Paso, TX   79925
915  261-3893